IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  12-cv-00289-LTB-CBS

PAUL SILLI,

       Plaintiff,

v.

CAROL MEININGER,
DR. WILLIAM WIENER, AND
PINNACLE CHARTER SCHOOL, INC.,

       Defendants.
_____

ORDER
_____

This matter is before me on Plaintiff Paul Silli's Motion to Remand **[Doc #8]**. After considering the parties' arguments, and for the reasons below, I DENY the motion.

**I. Background**

Silli is a Colorado resident.  Pinnacle Charter School, Inc. ("Pinnacle"), has its principal place of business in Adams County, Colorado.  It is a state agency pursuant to Colo. Rev. Stat. § 22-30.5-101 *et seq*.  Ms. Carol Meininger is Pinnacle's chief financial officer and human resources director. Dr. William Wiener is Pinnacle's director and policy maker (collectively, "Defendants").

Only the procedural background is pertinent to the motion. Silli worked for Pinnacle in its IT department from January 8, 2010, until he was terminated on March 9, 2011.  Upset with his termination, on October 11, 2011, Silli filed a complaint in state court against Pinnacle and the director of its IT department, Brian Martinez, alleging state law claims.  At that point, the case was not removable because there was neither a federal question nor diversity of citizenship.

On November 29, 2011, Pinnacle and Martinez moved to dismiss the complaint. In response, on December 9, 2011, Silli filed a motion for leave to amend his complaint, attaching an amended complaint thereto. Silli's amended complaint kept Pinnacle as a defendant but substituted Meininger and Wiener for Martinez. It also replaced the state law claims with a 42 U.S.C. § 1983 claim. On December 15, 2011, the state court granted Silli's motion. Silli, however, would not file the amended complaint with the state court or serve Meininger and Wiener for over a month.

Next, on January 19, 2012, Silli's counsel asked Pinnacle's counsel whether she would accept service of the amended complaint on behalf of Meininger and Wiener. Those two first received a copy of the amended complaint on January 20, 2012. On January 23, 2012, Pinnacle's counsel agreed to accept service on their behalf. Silli then filed his amended complaint with the state court on January 24, 2012.

On February 2, 2012, Meininger and Wiener filed a notice of removal and removed the action to this Court on federal question grounds pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Pinnacle never filed its own notice of removal. However, Paragraph 17 of Meininger's and Wiener's notice of removal states that "Pinnacle consents to removal of this case to federal court," and Pinnacle's counsel signed the notice.

## II. Law

A civil action arising under federal law brought in state court may be removed to the federal court sitting in that state. *See* 28 U.S.C. §§ 1331, 1441(a). Removal statutes are to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). There is a presumption against removal. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001);

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Lastly, all doubts are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

This motion involves whether Defendants followed the requisite procedures for removal. Section 1446 of 28 U.S.C. prescribes those procedures. The primary procedural requirement for removal is filing a proper notice of removal containing "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Section 1446(b) delineates the time line for filing that notice. It was amended in December 2011. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), Pub. L. No. 112-63, § 203(b), 125 Stat. 758 (Dec. 7, 2011). The old, pre-amended § 1446(b) provided the following:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or order or other paper from which it may first be ascertained that the case is one which is or has become removable, . . .

28 U.S.C. § 1446(b), *amended by* JVCA, *supra*. This statue required all defendants to join in or consent to removal. *See Cornwall v. Robinson*, 654 F.2d 685 (10th Cir. 1981). This version of the statute created uncertainty in cases involving multiple defendants served at different times: when does the 30-day clock for filing the notice of removal start ticking, upon service of the *first* or *last* defendant?

3

The "first-served" rule held that pre-amendment § 1446(b) required that any notice of removal be filed within 30 days of service upon the first defendant, and that a failure by any defendant to file within this period precluded removal by all defendants, including any defendants added after the period expired. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986). Conversely, the "last-served" rule allowed each defendant 30 days from the date he was served to file a notice of removal, "regardless of when–or if–previously served defendants had filed such notices." *See Marano Enters. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001).

The circuit courts divided on pre-amendment § 1446(b)'s meaning with respect to this issue. *See, e.g.*, *Delalla v. Hanover Ins.*, 660 F.3d 180, 182 (3rd Cir. 2011) ("Courts have split in interpreting this thirty day limitation: the Fourth and Fifth Circuits have held that the thirty day period ends thirty days after the first defendant is served (the 'first-served' rule), and the Sixth, Eighth, Ninth, and Eleventh Circuits have held that each defendant has a thirty day period to file a notice of removal that ends thirty days after that defendant is served (the 'later-served' rule)."). So did this district. *Compare Cellport Sys., Inc. v. Peiker Acoustic GMBH & Co.*, 335 F. Supp. 2d 1131 (D. Colo. 2004) (applying the first-served rule), *with Hartford Steam Boiler Inspection and Ins. Co. v. Riviera Elec. LLC*, 2006 WL 1046962, *1 (D. Colo. Apr. 19, 2006) (applying last-served rule where additional defendants were added by amended complaint). Neither the Tenth Circuit nor the Supreme Court considered the issue.

As mentioned, on December 7, 2011, the JVCA amended § 1446(b). The amendment codified the "last-served" rule. *See* JVCA, *supra.* Amended § 1446(b) now reads as follows:

> **(b) Requirements; generally.--(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service

4

>of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
>**(2)(A)** When a civil action is removed solely under section 1441(a) all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
>**(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
>**(C)** If defendants are served at different times, and a later-served defendant files notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
>
>**(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. §1446(b).

### III. Discussion

Silli's motion seeks to remand the action to state court per 28 U.S.C. §1447(c) for the failure to timely file a notice of removal under pre-amendment §1446(b). He argues that pre-amendment §1446(b) governs and posits that the "first-served" rule applies as a result. Therefore, Silli contends, if Pinnacle wanted to remove the action, it had to file a notice of removal by January 9, 2012–30 days after receiving Silli's amended complaint. And because Pinnacle failed to do so, the Defendants are precluded from removing the action. *See Brown*, 792 F.2d at 481-82.

Defendants marshal alternative arguments in opposition. They assert that amended §1446(b) applies. Under it, they argue, removal is proper for two reasons. First, the notice of removal was filed on February 2, 2012, within 30 days of Meininger and Wiener receiving the amended complaint. Second, as required, Pinnacle consented to removal. Alternatively, Defendants contend

5

that if I find that pre-amendment §1446(b) governs, I should adopt the "last-served" rule, which would lead me to conclude that they properly filed a proper notice of removal for the same reasons they should prevail under amended §1446(b).

## A.

I must first decide whether amended §1446(b) governs this action. I conclude that it does. Amended §1446(b) applies to "any action that is removed from a State court to a United States district court and that had been commenced, within the meaning of State law, on or after" January 6, 2012. *See* JVCA, Pub. L. No. 112-63, § 205. The parties dispute only whether, under Colorado law, this action "commenced" before January 6, 2012. Rule 3(a) of Colo. R. Civ. P. states that a "[a] civil action is commenced (1) by filing a complaint with the court, or (2) by service of summons and complaint." Colo. R. Civ. P. 3(a).

Silli argues that this action "commenced" in October 2011, when he filed his original complaint. Defendants rejoin that this action did not commence until Silli filed his amended complaint in state court or when they waived service, both of which occurred after January 6, 2012. Both parties pay short thrift to this issue and fail to analyze it using what I conclude is the pertinent law. For the reasons below, I conclude that this action commenced after January 6, 2012; therefore amended §1446(b) governs.

Silli is correct in asserting that he commenced *an* action in October 2011, but the question is when did *this* action commence. He neglects the import of the amended complaint. "An amended complaint supersedes the original complaint and becomes the sole statement of the plaintiff's cause of action." *In re Marriage of Lockwood*, 857 P.2d 557, 561 (Colo. App. 1993) (citing *Ireland v. Wynkoop*, 539 P.2d 1349 (Colo. App. 1975)); *see also Gilles v. U.S.*, 906 F.2d 1386, 1390 (10th Cir.

1990) ("It is true that a pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it is subsequently modified.") (internal quotations omitted). As a corollary, the date of an amended complaint supersedes the date of original pleading unless the amended complaint "relates back" to the original complaint. *See, e.g.*, *Currier v. Sutherland*, 218 P.3d 709, 716 (Colo. 2009) ("*When an amended complaint satisfies the requirements for relation back*, it is as though the amended complaint were filed on the date that the original complaint was filed.") (emphasis added); *Gilles*, 906 F.2d at 1390 (explaining that the date the amended complaint was filed supersedes the date the original complaint was filed unless the amended complaint relates back under Fed. R. Civ. P. 15(c)).

Relation back is most often discussed in a situation involving, in temporal order, an original complaint, an expired statute of limitations, and an amended complaint. *See, e.g.*, *Lavarto v. Branney*, 210 P.3d 485 (Colo. App. 2009). Contrary to its absence from the parties' briefs, relation back is implicated here–albeit under non-traditional circumstances. This is because the motion requires me to mark the date this action commenced when an original and amended complaint exist.

The action before me derives from Silli's amended complaint. The date on which Meininger and Wiener waived service of the amended complaint, and the date on which Silli filed it, were after amended §1446(b)'s effective date. Thus, under Colo. R. Civ. P. 3(a), unless the amended complaint relates back to the original complaint, this action "commenced" on one of those dates, meaning that amended §1446(b) would control. *See* Colo. R. Civ. P. 3(a). I therefore proceed with whether the amended complaint relates back. (To be sure, I examine relation back solely to ascertain when this action commenced for purposes of determining whether amended §1446(b) governs. My analysis

does not bear on whether Silli's actions are barred by a statute of limitations or whether his motion for leave to file an amended complaint should have been denied.)

As Silli filed his original and amended complaint in state court, I look to Colorado law to determine whether the amended complaint relates back. (I note parenthetically that examining the issue under federal law would likely yield the same result, as the Colorado and federal rule for relation back are essentially the same and have been interpreted as such. *See, e.g.*, *Lavarto*, 210 P.3d at 488-89; *Garrett v. Fleming*, 362 F.3d 692 (10th Cir. 2004).) An amended complaint does not relate back by default. Instead, "[a]n amendment changing the party against whom a claim is asserted relates back to the date of the original pleading only if all the conditions of C.R.C.P. 15(c) are satisfied." *Brown v. Teitelbaum*, 218 P.3d 709, 716 (Colo. App. 1991). Rule 15(c) sets forth three distinct requirements that must be met for an amended complaint against a new party to relate back to the filing of the original complaint:

> (1) the claim must have arisen out of the same transaction or conduct set forth in the original complaint; (2) the new party must have received notice of the action within the period provided by law for commencing the action; and (3) the new party must have known or reasonably should have known that, "but for a mistake concerning the identity of the proper party, the action would have been brought against him."

*Lavarto*, 210 P.3d at 488 (citing Colo. R. Civ. P 15 (c)); *accord Spiker v. Hoogeboom*, 628 P.2d 177, 178 (Colo. App. 1981); *Dillingham v. Greeley Publ'g Co.*, 701 P.2d 27 (Colo. 1985).

I conclude that the third requirement is not met. In Colorado, "[r]elation back is generally permitted in order to correct a misnomer where the proper party is already before the court and the effect is to merely correct the name under which the party is sued." *Lavarto*, 210 P.3d at 489. "Thus," the Colorado court of appeals has explained, "Rule 15(c) is meant to allow changes only where they result from an error such as misnomer of misidentification." *Id.*

8

Silli did not seek to amend his complaint for those reasons. In his motion for leave to file an amended complaint, he explained that he was seeking to amend because "[w]hen he brought his initial claims, he did not realize that [Pinnacle] was actually a state agency, acting under the color of state law and subject to statutory immunity." *See* Docket # 1 Ex. 4. This is insufficient to relate back. A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a "mistake" as to the defendant's identity for purposes of relating back. *Lavarto*, 210 P.2d at 489. "A plaintiff is responsible for determining who is liable for [his] injury" and for doing so before pertinent time periods lapse. *Id.* Consequently, "[i]f a plaintiff later discovers another person may be liable, he may not avoid the consequences of an earlier oversight by invoking the relation back rule." *Id.* I therefore find that the amended complaint does not relate back to the date of the original complaint. This action, then, "commenced" after the effective date for amended §1446(b).

Accordingly, I conclude that amended §1446(b) applies.

### B.

The analysis now turns to whether Defendants complied with amended § 1446(b). I conclude that they did.

Under amended § 1446(b), in cases involving multiple defendants, each defendant has 30 days to file a notice of removal after he receives a copy of the pleading setting forth the claim for relief upon which the action is based. *See* 28 U.S.C. § 1446(b)(2)(B). Meininger and Wiener received the amended complaint on January 20, 2012. They filed their notice of removal on February 2, 2012, well within the 30-day window. Hence, their notice was timely.

The inquiry thus turns to Pinnacle because "[a]ll defendants who have been properly joined and served must join in *or consent* to the removal of the action." *Id.* 1446(b)(2)(A) (emphasis

added). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may *consent to* the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id.* § 1446(b)(2)(C) (emphasis added). These subsections elucidate that Pinnacle need not have previously filed its own notice of removal nor "join" Meininger and Wiener in filing theirs so long as it consented to removal. Paragraph 17 of Meininger's and Wiener's notice of removal states that "Pinnacle consents to removal of this case to federal court." The notice is also signed by Pinnacle's counsel. Moreover, I note that Silli concedes that Pinnacle consented to removal. *See* Pl.'s Mot. at 2 ("[Pinnacle] did, however, consent to removal."). Given these facts, I conclude that Pinnacle consented to removal.

Accordingly, I conclude that Defendants comported with amended § 1446.

### IV. Conclusion

For the foregoing reasons, IT IS ORDERED that Silli's Motion to Remand **[Doc #8]** is DENIED.

Date: March   23  , 2012 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE